UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL W. BRISENO,

    Petitioner,

v.

RAYTHEL FISHER,

    Respondent.

Case No. 17-cv-02580-PJH

**ORDER DISMISSING CASE AND DENYING CERTIFICATE OF APPEALABILITY**

Re: Dkt. No. 7

    Petitioner, a California prisoner, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) and then a second petition (Docket No. 5). The court has reviewed both petitions. Petitioner challenges a conviction in Santa Clara County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He has also filed a motion to proceed in forma pauperis. Petitioner previously challenged this conviction, as discussed below.[1] The instant petition is DISMISSED as a second or successive petition pursuant to 28 U.S.C. § 2244(b).

## BACKGROUND

    Petitioner pled guilty to thirty-two felony counts of sexual misconduct with children. On May 12, 2000, he was sentenced to a determinate term of nine years and four months in prison, to be followed by a consecutive indeterminate term of 210 years to life. On July 11, 2001, the California Court of Appeal dismissed his direct appeal for failure to obtain a

---

[1] A more detailed procedural history can be found in *People v. Briseno*, No. H041820, 2015 WL 6392174, at *1-4 (Cal. Ct. App. Oct. 22, 2015), *review denied* (Cal. Feb. 17, 2016), *cert. denied sub nom. Briseno v. California*, 136 S. Ct. 2467 (2016).

certificate of probable cause, and the California Supreme Court denied review on October 10, 2001. Subsequent state habeas petitions were denied.

Petitioner then filed a federal habeas petition, Case No. C 04-1458 PJH, with the following claims: (1) petitioner was denied effective assistance of counsel when his trial counsel encouraged him to plead guilty despite knowledge of petitioner's incompetence; (2) petitioner was denied effective assistance of counsel when his trial counsel failed to advise him of the consequences of his guilty plea; (3) petitioner was denied due process because his guilty plea was neither knowing nor voluntary since his counsel failed to advise him of the consequences of his guilty plea; and (4) petitioner was denied effective assistance of counsel when his trial counsel failed to obtain a certificate of probable cause. The petition was denied on the merits on September 17, 2007. The court granted a certificate of appealability only on the issue whether petitioner was denied effective assistance when his trial counsel failed to obtain a certificate of probable cause from the trial court, thus precluding him from appealing certain issues.

On December 20, 2010, the Ninth Circuit affirmed denial of the habeas claim asserting ineffective assistance of counsel based on failure to obtain a certificate of probable cause to appeal the issue of incompetence, and reversed denial of the claim that counsel was ineffective for failing to request a certificate of probable cause on the failure of the trial court or counsel to advise petitioner of the mandatory minimum sentence that he faced on the counts to which he pled guilty. The Ninth Circuit remanded the petition with instructions to "grant the writ of habeas corpus on the issue reversed and order the [petitioner] released unless he is afforded an opportunity to appeal that conviction within a reasonable time." *Briseno v. Woodford*, 413 Fed. Appx. 2, 4-5 (9th Cir. Dec. 20, 2010). The court issued the conditional writ of habeas corpus on January 14, 2011.

Petitioner then filed a motion to recall the remittitur before the California court of appeal, which granted the motion, thereby reinstating his appeal. Because petitioner still had not obtained a certificate of probable cause required by Cal. Penal Code § 1237.5,

2

the court of appeal dismissed the appeal. *People v. Briseno*, 203 Cal. App. 4th 1347 (Cal. Ct. App. 2012), *review denied* (Cal. May 9, 2012).

Petitioner, represented by counsel, then sought further relief in this court by filing a motion to enforce the judgment in Case No. C 04-1458 PJH. After holding a hearing on the motion, the court issued an order on September 18, 2012, denying petitioner's motion to enforce the judgment, which petitioner appealed. On September 12, 2014, a different panel of the Ninth Circuit remanded the case back to this court to grant a conditional writ "unless the State affords Briseno the opportunity to apply for a certificate of probable cause" to appeal his conviction on the ground that his plea was involuntary because the trial court and counsel failed to inform him of the mandatory minimum sentences. In accordance with the second order of remand, the court issued a second conditional writ of habeas corpus on November 10, 2014.

The superior court granted petitioner a certificate of probable cause and the court of appeal affirmed the judgment on the merits denying petitioner's claims that: (1) the court and trial counsel failed to inform him of the statutory mandatory minimum sentences; and (2) the court made an illusory promise of a reward at sentencing in exchange for his plea. *People v. Briseno*, 2015 WL 6392174 (Cal. Ct. App. 2015). The California Supreme Court denied review. *People v. Briseno*, No. S230847 (Cal. Feb. 17, 2016). Petitioner also filed a state habeas petition in the Superior Court for the County of Santa Clara, *In re Briseno*, No. C9886818, which the superior court denied by order filed October 11, 2016. Docket no. 1 at 17-22 in *Briseno v. Fisher*, No. 16-cv-6618 PJH. He filed a second state habeas petition in the Superior Court for the County of Santa Clara, *In re Briseno*, C9886818, which the superior court denied by order filed March 14, 2017. Docket No. 1 at 7-14. Petitioner filed a new federal habeas petition that was dismissed as successive on January 12, 2017, and he was informed that he needed to obtain permission from the Ninth Circuit to pursue a successive petition. Docket No. 6 in *Briseno v. Fisher*, No. 16-cv-6618 PJH. Petitioner has filed a new federal habeas petition in this court.

1   Petitioner does not present specific claims in either petition.  He discusses the
illusory promises by the trial court, lying by police investigators and his lack of intent to
commit the crimes.  Docket No. 1 at 3-6.  He also states that the trial court would not
provide information regarding his potential sentence and the trial court made false
promises.  Docket No. 5 at 5.

All of these claims concern the same conviction underlying his prior habeas petition which was finally adjudicated in Case No. C 04-1458 PJH, rendering the instant petition an unauthorized "second or successive" habeas petition under 28 U.S.C. § 2244. *See Goodrum v. Busby*, 824 F.3d 1188, 1194 (9th Cir. 2016) ("a petition will not be deemed second or successive unless, at a minimum, an earlier-filed petition has been finally adjudicated") (citing *Woods v. Carey*, 525 F.3d 886, 889 (9th Cir. 2008)).

A second or successive habeas petition challenging the same state court judgment pursuant to 28 U.S.C. § 2254 may not be filed in federal district court unless the petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition.  *See* 28 U.S.C. § 2244(b)(3)(A) (""Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Because petitioner has not received authorization from the Ninth Circuit to proceed with this second or successive petition pursuant to 28 U.S.C. § 2244(b)(3), this case is DISMISSED.  Court records indicate that petitioner filed a request to present a second or successive petition with the Ninth Circuit on May 1, 2017.  *See Briseno v. Fisher*, No. 17-71274.  The Ninth Circuit has not yet ruled on the request.  The filing of this petition is premature.  Petitioner may proceed with a new petition if he receives authorization from the Ninth Circuit.

## CONCLUSION

1. Leave to proceed in form pauperis (Docket No. 7) is **GRANTED**.
2. The petition is **DISMISSED** without prejudice for the reasons stated above.

4

Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA). The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 1, 2017

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2017\2017_02580_Briseno_v_Fisher_(PSP)\17-cv-02580-PJH-dis.docx

5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL W. BRISENO,

    Plaintiff,

v.

RAYTHEL FISHER,

    Defendant.

Case No. 17-cv-02580-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 1, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael W. Briseno ID: P79941
C4-31-02 up
Valley State Prison
P.O. Box 92
Chowchilla, CA 93610

Dated: August 1, 2017

                                          Susan Y. Soong
                                        Clerk, United States District Court

                                        By:_____
                                        Kelly Collins, Deputy Clerk to the
                                        Honorable PHYLLIS J. HAMILTON